UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>                              Plaintiff,<br><br>       v.<br><br>AMY MILLER, et al.,<br><br>                              Defendants. | Civil No.     14cv2266 LAB (BGS)<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO STAY DISCOVERY**<br><br>**[ECF NO. 26.]** |

## I. INTRODUCTION

On April 21, 2015, Defendants R. Johnson, R. Boas, D.Webb, L. Calderon, S. Sandoval, A. Miller, V. Cortez, R. Arias and J. Velasquez filed an *ex parte* application for a stay of discovery until Defendants' Motion for Summary Judgment regarding exhaustion of administrative remedies has been decided. [ECF No. 26.] Defendants' Motion for Summary Judgment was filed on April 20, 2015. [ECF No. 25.] Plaintiff *pro se*, has not responded to the *ex parte* application to stay pending discovery.

## II. STANDARD OF REVIEW

In *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), the Ninth Circuit explained: "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later — if it becomes necessary — discovery directed to the merits of the suit."

*Id*. at 1170.

## III. DISCUSSION

Defendants state that Plaintiff has propounded interrogatories, requests for production of documents, and requests for admissions concerning the merits of his civil rights complaint as opposed to discovery regarding exhaustion of administrative remedies. [ECF No. 26 at 2:14-17.] They argue good cause exists to stay the current discovery until the motion for summary judgment, which concerns only exhaustion, is decided in order to preserve the resources of the parties and the Court. *Id.* at 3:6-11.

The pending motion for summary judgment on exhaustion is potentially dispositive of the entire case. Moreover, the exhaustion issue can be decided without discovery regarding Plaintiff's claims that Defendants violated his rights under the First Amendment, Eighth Amendment and Fourteenth Amendment. [ECF No. 1 at 5: 15-18.] In light of the Ninth Circuit's guidance in *Albino* and the Court's authority to limit the scope of discovery when a dispositive motion is pending, (*GTE Wireless, Inc. v. Qualcomm, Inc*., 192 F.R.D. 284, 287, fn. 3 (S.D. Cal. 2000)[1], Defendants' motion to stay discovery is **GRANTED.** A stay of discovery will promote an efficient use of time and resources for the parties and the Court to focus on exhaustion before concentrating, if necessary, on issues that relate to the merits of Plaintiff's suit.

## IV. CONCLUSION AND ORDER

As discussed above, the Court orders as follows:

1. Defendants' *ex parte* application for a stay of discovery until Defendants' Motion for Summary Judgment on exhaustion has been decided is **GRANTED;**

2. Accordingly, discovery regarding topics *unrelated* to the exhaustion of administrative remedies is **STAYED**.

3. If Defendants' motion for summary judgment is denied, the stay shall be lifted

---

[1] "The Ninth Circuit Court of Appeals has stated that 'the District Court has wide discretion in controlling discovery. Such rulings will not be overturned [by the Ninth Circuit] unless there is a clear abuse of discretion.' ... The Court may limit discovery so 'that certain matters [may] not be inquired into, or that the scope of disclosure or discovery be limited to certain matters' upon a showing of good cause..."

and discovery shall proceed in accordance with the Federal Rules of Civil Procedure.[2] The Court may adjust the deadlines set forth in the current Scheduling Order, if necessary.

**IT IS SO ORDERED.**

DATED: May 6, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

---

[2] Defendants have noted in their Application that they will respond to the pending "discovery within 30 days of the Court's decision..." ECF No. 26 at 3:9-10; Snyder Decl. at ¶3.