UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>           Plaintiff,<br><br>      v.<br><br>AMY MILLER, et al.,<br><br>           Defendants. | Civil No. 14cv2266 LAB (BGS)<br><br>**REPORT AND RECOMMENDATION RE: GRANT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 25.]** |

## I. Introduction

On September 23, 2014, William P. Garcia ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, alleging civil rights violations for an event occurring on April 10, 2014. (ECF No. 1.) The alleged event took place during Plaintiff's incarceration at the California Department of Corrections and Rehabilitation ("CDCR") at Centinela State Prison in Imperial, California. (*Id*.) The complaint names Amy Miller, along with L. Calderon, R. Johnson, R. Arias, J. Velasquez, D. Webb, V. Cortez, R. Boas, and F. Sandoval, as Defendants. (ECF No. 1 at 2-4.) Defendants filed a Fed. R. Civ. P. 56 motion for summary judgment for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (ECF No. 25-1 at 3.) For the reasons set forth below, the Court **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED**.

## II. Factual Background

Plaintiff was transferred from SATF Corcoran State Prison to Centinela State Prison on August 23, 2013. (ECF No. 10 at 3; ECF No. 1 at 50.) Prior to his transfer, Plaintiff had previous litigation regarding his Kosher meals against SATF Corcoran State Prison. (ECF No. 1 at 50.) Plaintiff alleges he was ensured by CDCR that he could take his meals back to his cell to perform religious practices and prayers once he arrived at Centinela State Prison. (ECF No. 1 at 6.) Plaintiff ate his meals in his cell for several months after his arrival at Centinela State Prison. (ECF No. 1 at 7-8.)

Plaintiff claims that on April 10, 2014, Defendant Velasquez did not allow Plaintiff to take his Kosher breakfast outside of the dining hall. (ECF No. 1 at 5.) Plaintiff contends that Velasquez tried to rip the food out of Plaintiff's hand when Plaintiff refused to comply with his request to return to the dining hall. (ECF No. 1 at 8.) On the evening of April 10, 2014, Plaintiff alleges that Defendant Boas did not allow Plaintiff to take his dinner outside of the dining hall. (ECF No. 1 at 9.)

On April 11, 2014, Plaintiff exited the dining hall with his food and was stopped by Defendant Sandoval and told to return to the dining hall. (*Id*.) Plaintiff contends he was again unable to eat his Kosher meal according to his religious beliefs. (ECF No. 1 at 8.) Plaintiff states that when he tried to explain to Sandoval, he told Plaintiff, "Shut up or I will hurt you." (ECF No. 1 at 8.)

As a result of these events, Plaintiff claims he is continually persecuted by prison officials for his religious beliefs and practices via anti-Semitic acts and starvation, violating his Eighth Amendment rights. (ECF No. 25-3 at 5.) Plaintiff also states he is unable to freely exercise his religious beliefs and is unable to access the courts, violating the First and Fourteenth Amendments. (ECF No. 1 at 8-9.) Plaintiff claims prison officials violated his civil rights by retaliating against him for exercising his First Amendment right to pursue the prison grievance process against them and for his religious beliefs. (ECF No. 1 at 6.)

Additionally, Plaintiff contends that Defendants Miller and Calderon did not

properly train employees to promote the safety and security of inmates.  (ECF No. 1 at 10-11.)

Finally, Plaintiff alleges that CDCR failed to provide him with an acknowledgment of receipt for his CDCR Form 602 Third-level Appeal.  (ECF No. 29 at 2.)  Therefore, he argues he did not know if the Third-level Appeal was received by CDCR Office of Appeals, and believed he had exhausted all administrative remedies prior to filing his complaint.  (ECF No. 29 at 2.)

**III. Relevant Background re: Exhaustion of Administrative Remedies**

Plaintiff submitted an administrative grievance (log number CEN-14-00601) on April 14, 2014 regarding the claim that Plaintiff now asserts against Defendants in this action.  (ECF No. 25-3 at 5.)  Plaintiff's First-level grievance was denied on June 3, 2014.  (ECF No. 25-3 at 10.)  Plaintiff's Second-level Appeal was denied on July 14, 2014.  (ECF No. 25-3 at 8.)  Plaintiff filed his complaint on September 23, 2014, fifteen days prior to his Third-level Appeal denial, dated October 8, 2014. (ECF No. 1 at 1; ECF No. 25-3 at 5.)

Defendants' motion for summary judgment dated April 20, 2015 is based entirely on Plaintiff's alleged failure to exhaust administrative remedies related to the incidents underlying his § 1983 claims before filing his complaint.  (ECF  No. 25-1.)  Plaintiff opposed Defendants' motion on May 11, 2015.  (ECF No. 29.)  Defendants' replied to Plaintiff's opposition to Defendants' motion for summary judgment on May 14, 2015.  (ECF No. 30.)

**III.  Legal Standard**

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial."  *House v. Bell*,

547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (internal citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party, but on an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; accord *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

**IV. Discussion**

    **A. Failure to Exhaust Administrative Remedies**

        *1. The Prison Litigation Reform Act*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a federal action concerning prison conditions "until such available administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Among the purposes of the PLRA is to allow prison officials a chance to resolve disputes regarding the exercise of their responsibilities before being haled into court; to reduce the number of prisoner suits; and to improve the quality of suits that are filed by producing a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). To satisfy the requirements of the PLRA, exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This

means that a prisoner must use all steps the prison offers, enabling the prison to reach the merits of the issue. *Id.* at 90. Prisoners need only comply with the prison's own grievance procedures to properly exhaust. *Bock*, 549 U.S. at 218. It is axiomatic that "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id.*

Procedurally, failure to exhaust under the PLRA is an affirmative defense. *Bock,* 549 U.S. at 216. In the Ninth Circuit, a motion for summary judgment is the proper vehicle to decide whether a prisoner has exhausted administrative remedies pursuant to the PLRA. *Albino*, 747 F.3d at 1170. A defendant has the burden to prove that there was an available administrative remedy, and that the prisoner did not exhaust it. *Id.* at 1172. If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion are decided by the court. *Id.* at 1170-71. To the extent the court makes any factual findings that are relevant to both exhaustion and the merits, the court's findings made in the course of deciding exhaustion are not binding on a jury deciding the merits of the suit. *Id.* at 1171.

If a prisoner has not exhausted his administrative remedies before filing his federal suit, the court must dismiss the action without prejudice to the prisoner filing a new action after he has completed his administrative remedies. *See McKinney v. Carey,* 311 F.3d 1198, 1200-01 (9th Cir. 2002). Finally, a prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Ngo*, 548 U.S. at 88.

### *2. California Prisons' Grievance Procedures*

CDCR regulations allow a prisoner to appeal any action or decision by a prison official that adversely affects the prisoner's welfare. 15 Cal. Code Regs. § 3084.1(a). The CDCR's administrative exhaustion procedure was modified by amendment on December 13, 2010, becoming effective on January 28, 2011. *See Manning v. Bunnell*, No. 2:12-CV-2440, 2014 WL 1338312, at *3 (E.D. Cal. Apr. 2, 2014). In order to exhaust available administrative remedies within the current system, a prisoner must submit his

complaint on a CDCR Form 602 and proceed up to a third formal level of appeal filed with the CDCR director or designee. Cal. Code Regs. tit. 15, § 3084.1-3084.7. Third-level, or "Director's level," of review satisfies the administrative remedies exhaustion requirement under Section 1997e(a). *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal.1997); Cal. Code Regs. tit. 15 § 3084.1(b).

### *3. Plaintiff Did Not Exhaust Administrative Remedies Prior to Filing Suit*

Plaintiff filed the complaint on September 23, 2014. (ECF No. 1.) Accordingly, the court must determine whether Plaintiff exhausted his administrative remedies regarding the claim he asserts against Defendants prior to that date, and if not, whether Plaintiff may be excused from the prefiling exhaustion requirement. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Plaintiff contends he completed the grievance process when he filed his Third-level grievance, and therefore had exhausted all administrative remedies and could file an action in federal court. (ECF No. 29 at 2.) However, because he had not yet received a response from the CDCR Office of Appeal, the grievance process was not completed. *Cano v. Taylor*, 739 F.3d 1214, 1222 (9th Cir. 2014). Thus, Defendant has shown that Plaintiff filed this action prematurely, before he had exhausted all available administrative remedies. That is, there is no dispute as to any genuine issue of material fact regarding Plaintiff's failure to complete the exhaustion of administrative remedies process before he filed this action in federal court.

To defeat Defendant's motion, Plaintiff must demonstrate that there is a genuine dispute over a material issue of fact as to whether he exhausted available remedies prior to filing suit, or as to whether he should be excused from the exhaustion requirement. In *Nunez v. Duncan*, the Defendant was precluded from exhausting because of the Warden's mistake, not due to his own fault. 590 F.3d 1217, 1224 (9th Cir. 2010). Because the Warden gave Defendant incorrect information to prepare his appeal, the Ninth Circuit excused Defendant's failure to exhaust administrative remedies, because Defendant took reasonable and appropriate steps to exhaust his claim and was unable to do so. *Id*. at

1224-25.

Here, CDCR did not make a mistake that rendered Defendant's administrative remedies effectively unavailable to him. Defendant had access to administrative remedies and sought all three levels of administrative review. Because Defendant did not receive his final administrative decision from the Third-level review prior to filing his complaint, he failed to properly complete the administrative remedies process before proceeding to federal court.

Plaintiff concedes that he "made an inadvertent mistake" and filed the complaint fifteen days early. (ECF No. 29 at 2.) The Court of Appeals for the First, Second, Third, Seventh, Tenth, Eleventh, and D.C. circuits have held that § 1997(e)(a) requires exhaustion *before* the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation. *McKinney,* 311 F.3d at 1199.

Plaintiff contends that because he waited sixty days after the Third-level Appeal was submitted to file a complaint in federal court, all available remedies had been exhausted. (ECF No. 29 at 2.) The plain language of the statute, however, makes completion of exhaustion a precondition to filing an action in federal court. *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998.) For example, a court cannot stay an action to provide opportunity for exhaustion after litigation has begun. *McKinney*, 311 F.3d at 1200. The exhaustion requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Otherwise, there would be little incentive for prisoners to exhaust *prior* to filing suit. *Jackson v. D.C.*, 254 F.3d 262, 270 (D.C. Cir. 2001).

Plaintiff proposes he should be permitted to continue with the present lawsuit by filing an amended complaint, as opposed to filing a new complaint. (ECF No. 29 at 8.) In *Rhodes v. Robinson*, the Ninth Circuit noted a prisoner may file an amended complaint to add new claims to a pending suit where the additional cause of action arose after the initial filing. 621 F.3d 1002, 1002 (9th Cir. 2010). This is permissible so long as administrative remedies were exhausted as to those additional claims before an amended

complaint could be filed. *Id.* But the facts in *Rhodes* are not present here, because Plaintiff does not seek to add new claims in an amended complaint. As explained *supra*, a prisoner may not file first, then exhaust later. *Askhtar v. Mesa,* 698 F.3d 1202 (9th Cir. 2012). Ninth Circuit case law establishes that Plaintiff cannot exhaust administrative remedies while the lawsuit is pending. *McKinney*, 311 F.3d at 1200.

Therefore, at the time Plaintiff filed his complaint on September 23, 2014, he had yet to receive a final decision from the Director's level of review that would satisfy the exhaustion requirement under § 1997e(a). *See Booth*, 532 U.S. at 739-41. Plaintiff argues that dismissing the case even though he has now exhausted his administrative remedies would waste time, money, and would burden the court. (ECF No. 29 at 2.) However, failure to receive a response to a grievance and thus filing suit is not analogous to completing the administrative exhaustion process. *See Jorss v. Vanknocker*, No. C97 3719CRB(PR), 2001 WL 823771, at *1 (N.D. Cal. July 19, 2001) aff'd, 44 F. App'x 273 (9th Cir. 2002) (explaining that a final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a)). Plaintiff failed to follow the procedural rules and eliminated the prison's opportunity to fully examine the situation, evaluate a possible remedy, and then respond to Plaintiff's claims. *Reynolds v. Starcevich*, No. CIV S 11 0326 GEB, 2012 WL 602935, at *6 (E.D. Cal. Feb. 23, 2012) subsequently aff'd, 513 F. App'x 688 (9th Cir. 2013). Plaintiff may initiate litigation in federal court only after the administrative process ends and his grievances are left unredressed. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006).

**V. Conclusion**

Having reviewed the matter, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment be granted. Plaintiff's Complaint should be dismissed without leave to amend, but without prejudice to filing a new action once administrative remedies have been exhausted.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C.

1  sec. 636(b)(1).

2  **IT IS HEREBY ORDERED** that no later than, **July 10, 2015**, after receiving a
3  copy of this Report and Recommendation, any party to this action may file written
4  objections with the Court and serve a copy on all parties. The document shall be
5  captioned "Objections to Report and Recommendation."

6  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with
7  the Court and served on all parties by **July 24, 2015**.

9  DATED: June 19, 2015

11  Hon. Bernard G. Skomal
    U.S. Magistrate Judge
12  United States District Court