# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>　　　　vs.　　　　　　　Plaintiff,<br><br>AMY MILLER, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 14cv2266-LAB (BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

State prisoner William Garcia brings this civil rights action under 42 U.S.C. § 1983 against several prison employees. (Docket no. 34 at 1.) He submitted his claim through the administrative grievance process, but filed this lawsuit before the process finished. (*Id.* at 3.) Defendants have moved for summary judgment, arguing that Garcia failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Docket no. 25.) Magistrate Judge Skomal issued a Report and Recommendation (R&R), urging that Defendants' motion be granted (Docket no. 34.) Garcia objected to the R&R, admitting he "made an inadvertent mistake" by filing early, but arguing that he will suffer harm if he is forced to file a new lawsuit. (Docket 39 at 1–3.)

A district court has jurisdiction to review a magistrate judge's R&R on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there is an absence of evidence to support the non-moving party's claims, the burden shifts to the non-moving party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 256 (1986).

The Court construes Garcia's pleadings liberally. *Balistreri v. Pacifica Police Dep't*, 901 F2d 696, 699 (9th Cir. 1988). The Court is not, however, required to "comb the record to find some reason to deny a motion for summary judgment," simply because the plaintiff is proceeding *pro se. Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted).

The PLRA contains a strict requirement that prisoners must exhaust administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Garcia admits he didn't exhaust his administrative remedies, so the Court can't allow him to proceed with this lawsuit. The Court **ADOPTS** the R&R. The Defendants' motion for summary judgment (Docket no. 25) is **GRANTED**. Garcia's motion for preliminary judgement (Docket no. 32) is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: October 1, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge